16 F.3d 412
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond HERSMAN, Defendant-Appellant.
 No. 93-5452.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 20, 1994.
Decided Feb. 8, 1994.
 
 Appeal from the United States District Court of for the Southern District of West Virginia, at Beckley.
 Eric M. James, Spilman, Thomas and Battle, Charleston, W VA, for appellant.
 Charles T. Miller, U.S. Atty., Victoria B. Major, Asst. U.S. Atty., Charleston, W VA, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Raymond Hersman was convicted after a trial by jury for conspiring to distribute methamphetamine, and for possessing methamphetamine with an intent to distribute it, in violation of 21 U.S.C.A. Secs. 841(a)(1), 846 (West 1981 & Supp.1993), after he purchased drugs from an informant. He now appeals, asserting that the district court abused its discretion by granting the government's motion in limine to prevent his attorney from raising the defense of entrapment in opening argument. He also asserts that his court-appointed counsel rendered ineffective assistance. Our review of the parties' briefs and the record leads us to affirm the conviction. We decline to rule on the ineffective assistance claim.
 
 
 2
 It is axiomatic that a defendant is only entitled to raise the defense of entrapment after presenting evidence that the government induced his criminal activity. United States v. Osborne, 935 F.2d 32, 38 (4th Cir.1991); United States v. Akinseye, 802 F.2d 740, 743 (4th Cir.1986), cert. denied, 482 U.S. 916 (1987). No such evidence was presented in the present case. We therefore find no abuse of discretion in the district court's decision to bar defense counsel's reference to such a defense in his opening statement.*
 
 
 3
 Hersman also asserts that trial counsel rendered ineffective assistance by failing to allow Hersman to view the videotape of the drug transaction for which he was convicted prior to trial, by failing to investigate the possibility that the videotape had been altered, by failing adequately to expose the informant's bias, and, finally, by failing to represent Hersman with enthusiasm. Ineffective assistance claims are inappropriate for review on direct appeal, unless ineffective assistance can be conclusively established from the trial record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Because the record before us fails to conclusively establish trial counsel's ineffective assistance, we decline to review this issue at this time. This claim is more appropriately asserted in a motion under 28 U.S.C. Sec. 2255 (1988).
 
 
 4
 For these reasons, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Contrary to Hersman's assertions on appeal, the district court's ruling did not prevent defense counsel from raising the defense of entrapment at later points in the trial. Rather, the court's ruling simply prevented defense counsel from raising that defense without first providing evidentiary support